ELLSWORTH *v.* INGHAM CIRCUIT JUDGE.

MANDAMUS—INSURANCE—SURCHARGE — INJUNCTION—RESTRAINING INSURANCE COMMISSIONER.

Where the circuit judge, as a condition of an order restraining the commissioner of insurance from enforcing an order requiring insurance companies to desist from collecting a surcharge of 10 per cent. on policies of insurance, required that the money so collected as surcharges be paid into the State treasury to await final disposition of the case, and during the pendency of these proceedings the collection of said surcharge has been discontinued, the extraordinary writ of mandamus will not issue to compel the circuit judge to vacate said order.

Mandamus by Frank H. Ellsworth, commissioner of insurance, to compel Charles B. Collingwood, circuit judge of Ingham county, to vacate an order denying a motion to dismiss a temporary injunction. Submitted November 19, 1919; reargued January 20, 1920. (Calendar No. 28,888.) Writ denied February 27, 1920.

*Alex. J. Groesbeck,* Attorney General, and *Sheridan F. Master* and *Clare Retan,* Assistants Attorney General, for plaintiff.

*Cummins & Nichols, Thomas Bates* and *Seymour Edgerton,* for defendant.

PER CURIAM. Some 154 insurance companies filed a bill in the circuit court for the county of Ingham, in chancery, to vacate an order made by the commissioner of insurance of the State requiring them to desist from collecting a surcharge of 10 per cent. on policies of insurance, and for an injunction to restrain the commissioner from enforcing the order. The re-

spondent circuit judge in the order here sought to be vacated continued a restraining order against the commissioner on condition that the companies pay into the State treasury all such sums as they collected by way of surcharge, to be there held by the treasurer until the final disposition of the case. During the pendency of this application the companies have ceased collecting such surcharge and the money which was collected is now in the hands of the State treasurer awaiting the final disposition of the case. Under these circumstances we do not feel called upon to issue the extraordinary writ of mandamus requiring the respondent to set aside such order. The interesting questions presented will be disposed of by us when we have a record before us properly raising them with briefs fully discussing all the questions involved.

The writ will be refused, but without costs.